# IN THE COURT OF APPEALS OF IOWA

No. 23-1614
Filed June 19, 2024

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**LANARD ANTONIO COLLINS,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Buchanan County, Alan T. Heavens, Judge.

        Lanard Antonio Collins appeals the sentence imposed after his guilty plea to willful injury resulting in bodily injury. **AFFIRMED.**

        Austin Jungblut of Parrish, Kruidenier, Dunn, Gentry, Brown, Bergmann & Messamer, L.L.P., Des Moines, for appellant.

        Brenna Bird, Attorney General, and Nicholas Siefert and Anagha Dixit, Assistant Attorney General, and Makenna Konkol, Law Student, for appellee.

        Considered by Ahlers, P.J., and Chicchelly and Buller, JJ.

**CHICCHELLY, Judge.**

Lanard Antonio Collins appeals the sentence imposed after his guilty plea to willful injury resulting in bodily injury as an habitual offender. He contends the district court abused its discretion when sentencing him by relying on certain factors and imposing incarceration instead of probation. Because we find no abuse of discretion, we affirm.

## I.    *Background Facts and Proceedings.*

On October 6, 2020, I.B. asked his coworker to move his vehicle because it was blocking him in. The coworker, who is Collins's stepfather, became upset with I.B., and Collins also intervened in the argument. The stepfather hit I.B. in the face, then Collins threw I.B. to the ground, striking him several times. I.B. suffered multiple facial fractures as a result.

The State charged Collins with willful injury resulting in bodily injury with an habitual offender enhancement. He pled guilty as charged. The court accepted his guilty plea and ordered a presentence investigation report (PSI) to be completed.

At the sentencing hearing, the State requested the court follow the sentencing recommendations in the PSI, which included a fifteen-year prison term. In turn, Collins requested a suspended sentence. Consistent with the State's request, the court sentenced Collins to an indeterminate term of incarceration not to exceed fifteen years with a three-year mandatory minimum sentence. He appeals.

## II.    Review.

When sentencing, the court "has broad discretion to impose the sentence it determines is best suited to rehabilitate a defendant and protect society."  *State v. West Vangen*, 975 N.W.2d 344, 355 (Iowa 2022).  This discretion "to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor" and we will only reverse for an abuse of discretion.  *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002).

## III.    Sentencing Discretion.

Collins argues the district court abused its sentencing discretion by relying on certain factors and declining to suspend incarceration in favor of probation.  The sentencing court weighs "the nature of the offense, the attending circumstances, the age, character, and propensity of the offender, and the chances of reform" against the defendant's criminal history, family circumstances, and the societal goals of sentencing.  *State v. Damme*, 944 N.W.2d 98, 106 (Iowa 2020).  Due to the discretionary nature of sentencing, the court's consideration of proper factors "will not always lead to the same sentence."  *Formaro*, 638 N.W.2d at 725.  "Yet, this does not mean the choice of one particular sentencing option over another constitutes error."  *Id.*

Collins specifically cites the court's reliance on his past criminal history and age as being "unreasonable."  But the court is *required* to consider these factors when determining whether to suspend incarceration.  Iowa Code § 907.5(1)(a), (b) ("[T]he court shall consider . . . [t]he age of the defendant" and "defendant's prior record of convictions").  Further, Collins fails to explain how the court's consideration of his criminal history and age constitutes an abuse of discretion.  In

making its determination, the court took special note of both factors and weighed them accordingly.

In regard to Collins's criminal history, the court stated, "I think the age of some of your criminal history and how long ago it's been is a factor that was in your favor." But it also noted:

> I look at your entire criminal history from start to present, and it's not just the ones that are old, it's more recent ones, and the fact that you're already on probation when this happened.
> So I think overall, with your criminal history, it's more of a detriment to you than a help and, again, I have taken into account that all of it's not recent but some of it is, and I think that indicates that probation hasn't worked real well for you even if you didn't abscond from it.

When considering his age, the court further explained:

> And I think your age, you're old enough to know and to have gotten your life together after kind of the first round in your early life of your criminal history, and when you got through that, I think the hope of the system is that then you turn the corner and you go to a better place where you're not back here. But that didn't happen in your case and your criminal history continues on.

We find no abuse of discretion in the court's reliance on such factors.

Collins then claims that without criminal history and age as factors, the court improperly relied only on the nature of the offense. *See State v. Dvorsky*, 322 N.W.2d 62, 67 (Iowa 1982) (holding "nature of the offense alone cannot be determinative" of a sentence). We do not agree with Collins's argument that the court only considered the nature of the offense. In fact, the court considered several other factors beyond criminal history, age, and the nature of the offense:

> As I mentioned, I considered all the factors outlined in 907.5 and looked at the nature of the offense, the information contained in the PSI, considered your family circumstances, your employment history, what you told me during your right of allocution. It certainly wasn't that there was no factors in your favor, Mr. Collins. There

certainly was some in your favor, and I gave your credit for those. There was just more factors in the State's favor, particularly the nature of the offense and your extensive criminal history, both in the past and more recently. So in balancing those I found that probation is not going to give you the best chance for rehabilitation and protect the community from further offenses, which are my sentencing goals, so that's why I imposed the prison sentence.

We similarly find no abuse of discretion.

## IV.    *Disposition.*

Because we conclude that the district court did not abuse its discretion, we affirm Collins's sentence.

**AFFIRMED.**